No. 44,649

JOHN G. WARE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(426 P. 2d 78)

Opinion filed April 8, 1967.

*William F. Stahl,* of Junction City, argued the cause, and *Thomas Odell Rost,* of Topeka, was with him on the briefs for appellant.

*Robert D. Hecht,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The appellant, John G. Ware, has appealed from the order of the district court denying his application for relief under the provisions of K. S. A. 60-1507, without appointing counsel to represent him, or granting him a plenary hearing.

The appellant is hereafter referred to as the petitioner or defendant.

On May 16, 1963, the defendant was tried by a jury on two counts of robbery in the first degree, as that offense is defined in G. S. 1949, 21-527 (now K. S. A. 21-527). On May 17, 1963, the jury returned its verdict finding him guilty of the offense as charged in count one of the information, and not guilty of the offense as charged in count two. At all stages of the criminal proceeding, the defendant was represented by personally retained counsel who was experienced in the trial of criminal cases.

On July 2, 1963, the defendant was sentenced to confinement in the Kansas State Penitentiary for a term of not less than ten years nor more than twenty-one years, in accordance with G. S. 1949, 21-530 (now K. S. A. 21-530). Prior thereto, and on June 17, 1963, the state served notice upon the defendant's counsel of its intention to request sentencing under the Habitual Criminal Act. (G. S. 1949, 21-107a, now K. S. A. 21-107a.) On the date the defendant was sentenced, the county attorney produced an uncertified photostatic copy of an FBI "rap sheet," purporting to show the defendant's prior conviction of the crime of sexual intercourse with a child in Milwaukee, Wisconsin, but he did not introduce a certified copy of the record of that conviction. The court indicated it was not convinced the defendant had been previously convicted of felony and the state asked for permission to withdraw the notice of its intention to request sentencing under the Habitual Criminal Act. Counsel for the defendant stated he was considering filing an application for parole, but no application was filed. Following imposition of sentence, counsel filed a motion for a new trial, which was presented to the district court and overruled. No appeal was thereafter taken by the defendant from his conviction of first degree robbery.

The petitioner makes the uncorroborated statement he did not appeal from his conviction following the overruling of his motion for a new trial because the district court and his counsel failed to advise him of that right. In his motion for relief, he named no witness who might offer evidence in support of that allegation, and the district court concluded the claim was not the basis for collateral attack upon the judgment. The petitioner here argues the district court's failure to advise him of his constitutional right to appeal denied him due process of law and that it abused its dis-

cretion in failing to grant an evidentiary hearing so that he might offer evidence of such failure. The contention is patently without merit.

The record is silent whether the district court advised the petitioner he had the right to appeal to this court. Assuming, *arguendo,* the district court did not so advise him, it does not follow the petitioner was deprived of any constitutional right. In this jurisdiction, the right to appeal in a criminal case is a statutory right granted by the state through the legislature. Pertinent statutes with respect to the taking and perfecting of appeals in criminal cases in force at the time the defendant was sentenced read:

"An appeal to the supreme court may be taken by the defendant as a matter of right from any judgment against him . . ." (K. S. A. 62-1701); and

"If defendant does not seek to have execution of his sentence stayed, or release from custody on bond pending his appeal, he may appeal at any time within six months from the date of the sentence by serving notice of appeal on the county attorney of the county in which he was tried and filing the same with the clerk of the district court; and such clerk, within ten days . . . shall send a certified copy of such notice . . . and a certified copy of the journal entry of defendant's conviction to the clerk of the supreme court. Defendant shall then prepare and present his appeal in accordance with the statutes and rules of court applicable thereto." (K. S. A. 62-1724 [a].)

See, also, Prefatory Rule No. 1 (*f*), 194 Kan. xii.

Our Constitution guarantees to one charged with crime, a prompt, fair trial by a jury (Bill of Rights, §§ 5, 10, 18); it does not guarantee to him an appeal to the supreme court. The right of appeal is not constitutional. (Constitution of Kansas, Art. 3, § 3.) It is not an inherent, natural, inalienable, absolute or vested right. In this state it is conferred by statute, and the defendant must take it on the terms provided by the statute. (*Cochran v. Amrine,* 155 Kan. 777, 130 P. 2d 605; *In re Christensen,* 166 Kan. 671, 203 P. 2d 258; *State v. Phillips,* 175 Kan. 50, 53, 259 P. 2d 185; *State v. Hess,* 178 Kan. 452, 458, Syl. ¶ 6, 289 P. 2d 759; *State v. Sims,* 184 Kan. 587, 588, 337 P. 2d 704; *State v. Aeby,* 191 Kan. 333, 381 P. 2d 356.) The right given is clearly for the defendant's benefit and may be waived by his failure to file and serve the notice of appeal within six months from his conviction. (*State v. Mooneyham,* 192 Kan. 620, 390 P. 2d 215, cert. den. 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640, overruled on another ground in *State v. McCarther,* 197 Kan. 279, 416 P. 2d 290.)

Likewise, the right to appeal a state criminal conviction is not a

fundamental right guaranteed by the Constitution of the United States or a requisite of due process of law guaranteed to any person by the Fourteenth Amendment. Such a right is a privilege, a matter of grace which the state can extend or withhold as it deems fit, or which may be granted on such terms and conditions as it sees fit. (*Griffin v. Illinois,* 351 U. S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A. L. R. 2d 1055, rehearing denied 351 U. S. 958, 100 L. Ed. 1480, 76 S. Ct. 844; *Brown v. Allen,* 344 U. S. 443, 97 L. Ed. 469, 73 S. Ct. 397, rehearing denied 345 U. S. 946, 97 L. Ed. 1370, 73 S. Ct. 827; *Dist. of Columbia v. Clawans,* 300 U. S. 617, 81 L. Ed. 843, 57 S. Ct. 660; *Mooneyham v. State of Kansas,* 339 F. 2d 209; *Errington v. Hudspeth* [10th Circuit], 110 F. 2d 384, 127 A. L. R. 1467, cert. den. 310 U. S. 638, 84 L. Ed. 1407, 60 S. Ct. 1087; *McDonald v. Hudspeth* [10th Circuit], 129 F. 2d 196, cert. den. 317 U. S. 665, 87 L. Ed. 535, 63 S. Ct. 75; *McKane v. Durston,* 153 U. S. 684, 38 L. Ed. 867, 14 S. Ct. 913.) See, also, 24 C. J. S., Criminal Law, § 1628, pp. 945-952; 16A C. J. S., Constitutional Law, § 594, pp. 688-691.

Since the right to appeal is not a right granted or guaranteed by either the Constitution of the state of Kansas or the Constitution of the United States, it logically follows that the failure of a district court to advise a defendant of his right to appeal could in no way deprive him of any fundamental constitutional right.

The petitioner was represented at all stages of the criminal trial by personally retained counsel, and it must be assumed counsel fully advised him of his rights, including the right to appeal. The record indicates that counsel ably represented the petitioner, and it was mainly through his representation that the Habitual Criminal Act was not invoked when he was sentenced. The petitioner's uncorroborated statement that counsel did not advise him of his right to appeal would hardly seem to present a justiciable question requiring the district court to grant an evidentiary hearing. (K. S. A. 60-1507; Rule No. 121 [g],—Procedure Under 60-1507, 194 Kan. xxviii.) See, also, *Huston v. State,* 195 Kan. 140, 403 P. 2d 122; *Call v. State,* 195 Kan. 688, 408 P. 2d 668, cert. den. 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581.

We have fully examined the record and find no error. The judgement is affirmed.