No. 46,595

Harold D. (Mike) Wasson, *Appellant*, v. State of Kansas, *Appellee.*

(499 P. 2d 1128)

Opinion filed July 19, 1972.

*Scott E. Jarvis,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* county attorney, argued the cause, and *Vern Miller,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is a post conviction proceeding conducted pursuant to K. S. A. 60-1507. The petitioner was granted an evidentiary hearing in the sentencing court and appeals from a judgment in the lower court denying relief.

In the criminal action out of which this proceeding arose the petitioner (appellant) was charged with first degree robbery under K. S. A. 21-527. He was represented by court-appointed counsel

and entered a plea of guilty on October 30, 1968. On motion of the county attorney the trial court continued the sentencing of the petitioner for one week because the state announced its intention to invoke the provisions of the habitual criminal act. (K. S. A. 21-107a.) The state served written notice upon the petitioner and his counsel of its intention to invoke the provisions of the habitual criminal act after the entry of the petitioner's plea of guilty.

On the 6th day of November, 1968, the date set for sentencing, the petitioner appeared in person and with his court-appointed counsel. The state introduced evidence of a prior conviction indicating the petitioner had previously entered a plea of guilty to the offense of uttering on January 17, 1962. Thereupon the petitioner was sentenced to a term of not less than twenty years nor more than forty-two years under the provisions of K. S. A. 21-107a.

On the 15th day of July, 1969, the petitioner filed a writ of habeas corpus in the sentencing court which the court treated as a proceeding under K. S. A. 60-1507. Counsel was appointed to represent the petitioner, and he was granted an evidentiary hearing upon an amended petition filed by his court-appointed counsel. The trial court, after having taken the matter under advisement, denied relief.

The appellant first contends he was not given proper notice of the state's intention to invoke the provisions of the habitual criminal act.

The basic contention is that the appellant was entitled to notice of the effect of the habitual criminal act prior to his plea of guilty, and there is nothing in the record to show that he was advised of its effect.

After the entry of the appellant's plea of guilty, there was a period of seven days that he had both oral and written notice of the state's intention to invoke the provisions of the habitual criminal act. Due process does not require advance notice that the trial on the substantive offense will be followed by proceedings under the habitual criminal act. (*Oyler v. Boles,* 368 U. S. 448, 7 L. Ed. 2d 446, 82 S. St. 501.)

The issue here presented was previously before this court in *Chance v. State,* 195 Kan. 711, 408 P. 2d 677, where the court approved the trial court's conclusion which states:

"'It has never been the rule in Kansas that a defendant in a criminal action must be appraised by the State prior to conviction that the State intends to invoke the habitual criminal act. The rule followed in (sic) that a

person convicted of a felony should ordinarily be timely apprised that an increased sentence will be demanded under the habitual criminal act between the time of the conviction and sentencing, in order that he may show cause, if any he can, why the act should not be invoked and a higher penalty imposed. . . . The court concludes that petitioner was not prejudiced due to the failure of the State to advise him that the habitual criminal act would be invoked prior to the entry of his plea of guilty, or prior to the day of sentencing.'" (p. 715.)

A more recent decision following *Chance* is *State v. Pappan*, 206 Kan. 195, 477 P. 2d 989, wherein the court said reasonable notice is all that is required. Five days' notice was held sufficient in *State v. Bell*, 205 Kan. 380, 469 P. 2d 448.

On the facts in this case the seven-day notice given to the appellant, after his entry of a plea of guilty, was sufficient to authorize the state to proceed under the habitual criminal act.

The appellant next contends he was not advised of his right to appeal by either court or counsel.

At the evidentiary hearing appellant's prior court-appointed counsel testified that he had in fact notified the appellant of his right to appeal his plea of guilty. The trial court in its memorandum decision found that the petitioner had not sustained the burden of proof on this point.

This court has previously said there is no constitutional right involved by the failure of a court to advise the defendant of his right to appeal. (*Nall v. State*, 204 Kan. 636, 465 P. 2d 957.)

Lastly the appellant contends his plea of guilty was not freely, voluntarily and intelligently made because he did not understand the factual elements necessary to constitute the crime with which he was charged.

The appellant relies upon *McCarthy v. United States*, 394 U. S. 459, 22 L. Ed. 2d 418, 89 S. Ct. 1166, for the proposition that both state and federal courts must follow Rule No. 11 of the federal rules of criminal procedure, which provides that the court shall not accept a plea of guilty without first addressing the defendant personally and determining that the plea is made voluntarily with an understanding of the nature of the charge and the consequences of the plea, and that judgment shall not be entered upon a guilty plea unless the court is satisfied that there is a factual basis for the plea.

The *McCarthy* decision was handed down following the appellant's plea of guilty, and the trial court determined that *McCarthy* did not apply retroactively.

On this point the trial court's determination was correct. The Supreme Court of the United States held in *Halliday v. United States*, 394 U. S. 831, 23 L. Ed. 2d 16, 89 S. Ct. 1498, that the decision in *McCarthy* was not applicable to guilty pleas accepted prior to the date of that decision on April 2, 1969, and that only those defendants whose guilty pleas were accepted after such date were entitled to plead anew if their pleas were accepted without full compliance with the rule.

On the facts in this case the appellant's plea of guilty was entered on October 30, 1968, which was well in advance of April 2, 1969, the effective date of the *McCarthy* decision.

*McCarthy* was made applicable to the states as a requirement of due process through the Fourteenth Amendment in *Boykin v. Alabama*, 395 U. S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. (See *Widener v. State*, 210 Kan. 234, 499 P. 2d 1123.)

The appellant herein was granted an evidentiary hearing, and the trial court after reviewing the record in the criminal proceeding found:

". . . An examination of the transcript of the proceedings had at the time of said plea, and the testimony adduced at the hearing satisfies this court beyond any doubt that Mr. Wasson was fully informed and was adequately and capably represented, and that his application and petition herein should be denied."

Our review of the record herein shows the appellant was questioned in detail as to his plea, that the charge had been discussed with his counsel, and that he was pleading guilty because he was guilty. Throughout the proceedings there was not the slightest indication of coercion.

The judgment of the lower court is affirmed.