No. 46,787

Preston Collins, *Appellant*, v. State of Kansas, *Appellee*.

(502 P. 2d 851).

Opinion filed November 4, 1972.

*Davis S. Lord*, of the firm of Marietta, Kellogg & Lord, of Salina, was on the brief for appellant.

*Bill Crews*, county attorney, and Vern Miller, attorney general, were on the brief for appellee.

*Per Curiam:* This is an appeal from a proceeding under K. S. A. 60-1507 in which the district court summarily denied the appellant's motion.

The appellant entered a plea of guilty to the crime of grand larceny under K. S. A. 21-533 (since repealed, K. S. A. 1971 Supp. 21-3701) and was sentenced to not more than five years in the penitentiary under the provisions of that statute. He was given credit for some time spent in jail. He was represented by experienced counsel.

The appellant raises two issues on appeal. First, he complains he was not advised by either the court or his counsel of his right to appeal. This court has held that the right to appeal is not a right granted or guaranteed either by the Kansas Constitution or the United States Constitution. (*Ware v. State*, 198 Kan. 523, 426 P. 2d 78; *McGee v. State*, 200 Kan. 188, 434 P. 2d 481, cert. den. 390 U. S. 1007, 20 L. Ed. 2d 108, 88 S. Ct. 1253; *King v. State*, 200 Kan. 461, 436 P. 2d 855, *Mathues v. State*, 204 Kan. 204, 460 P. 2d 545, *Wasson v. State*, 210 Kan. 205, 499 P. 2d 1128.)

Second, he complains that the district court did not give him a full evidentiary hearing. He contends this was the only way he could present testimony that his plea of guilty was coerced by threats to use evidence against him which was unlawfully obtained. He claims a full hearing was required with reference to the admissibility of evidence obtained by a search and seizure.

Once a plea of guilty has been voluntarily entered by an accused, there is no necessity to introduce evidence to maintain the convic-

tion. The question of the sufficiency or admissibility of evidence is no longer an issue. A voluntary plea of guilty is a confession of guilt of the crime charged and the facts alleged therein. (*Stiles v. State*, 201 Kan. 387, 440 P. 2d 592, *Wisely v. State*, 201 Kan. 377, 440 P. 2d 632, *Allen v. State*, 199 Kan. 147, 427 P. 2d 598, *McCall v. State*, 196 Kan. 411, 411 P. 2d 647, *Hughes v. State*, 206 Kan. 515, 479 P. 2d 850.)

The record shows conclusively that the plea of guilty was voluntarily, freely and understandingly entered, and that no force, coercion or duress of any nature was exercised to obtain the plea. It was not error for the district court to summarily deny appellant's 60-1507 motion.

The judgment is affirmed.