No. 47,922

GENE CLIFTON LEE, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(552 P. 2d 626)

Opinion filed July 23, 1976.

*Jerry M. Smetana,* of Plainville, was on the brief for the appellant.

*Lowell F. Hahn,* County Attorney, and *Curt T. Schneider,* Attorney General, and *Roger Theis,* Assistant Attorney General, were on the brief for the appellee.

*Per Curiam:* This is an appeal from the summary denial of a motion to vacate sentence pursuant to K. S. A. 60-1507.

On January 23, 1970, petitioner and a companion were apprehended by law enforcement officers near Orleans, Nebraska, following a high-speed chase from the scene of a burglary in Prairie View, Kansas. Petitioner was charged in county court with second degree burglary under K. S. A. 21-520, repealed Laws of 1969, effective July 1, 1970, now K. S. A. 21-3715. On January 24, 1970, petitioner appeared in county court where the charges were read to him and his constitutional rights explained. At petitioner's request counsel was appointed to represent him.

After waiving preliminary examination petitioner was bound over for trial to the district court. On arraignment petitioner entered a plea of guilty.

On September 24, 1974, petition filed a 60-1507 motion seeking to vacate his sentence. On October 9 the district court denied the motion finding it presented no substantial question of law or triable issues of fact and that the motion and records conclusively showed that petitioner was not entitled to relief. This appeal followed.

On appeal petitioner contends that (1) he had ineffective assistance of counsel; (2) he was not advised of his right to appeal; (3) the trial court failed to determine if there was a factual basis for the plea and if it was entered with an understanding of the charge and nature of consequences; and (4) his plea was involuntary because it was induced by promises of a lesser sentence than he received.

On arraignment the information was read in open court and petitioner was informed that the charge was second degree burglary. Petitioner stated he did not desire to confer further with counsel

and when asked for his plea, he responded "Guilty, sir." Petitioner further stated that his plea was made with advice of counsel; that his counsel advised him of the penalty; that he desired to plead guilty; that no statement had been made to induce him to plead guilty; that he had not been abused physically or mentally; and that he pled guilty because he was guilty and for no other reason. The plea was entered on January 27, 1970, before K. S. A. 22-3210 became effective on July 1, 1970. This statute is not retroactive. (*Peterson v. State,* 215 Kan. 253, 524 P. 2d 740.) The record of arraignment proceedings affirmatively shows an intelligent and voluntary plea. (*Peterson v. State,* supra.; *Reid v. State,* 213 Kan. 298, 515 P. 2d 1040.)

The right to appeal from a criminal conviction is not guaranteed by the Constitution of the United States or the Constitution of the State of Kansas, and failure to advise a defendant of his right to appeal does not rise to constitutional stature. (*Collins v. State,* 210 Kan. 577, 502 P. 2d 851; *Ware v. State,* 198 Kan. 523, 426 P. 2d 78.)

Whenever the court in good faith appoints or accepts the appearance of a member of the bar in good standing to represent a defendant, the presumption is that such counsel is competent. To constitute a denial of an accused's constitutional rights it must clearly appear that the representation of accused was wholly ineffective and inadequate. The burden is on the petitioner to show representation by his attorney was so incompetent that the total effect was that of complete absence of counsel. (*Winter v. State,* 210 Kan. 597, 502 P. 2d 733; *Widener v. State,* 210 Kan. 234, 499 P. 2d 1123.) The record shows that counsel's services were within the legal standards for effectiveness of counsel established by this court.

The judgment is affirmed.