(598 P.2d 565)

No. 50,536

CHARLES E. JONES, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Petition for review denied November 8, 1979.

Opinion filed August 17, 1979.

*Robert W. Harris* of Harris & Hills, of Kansas City, for appellant.

*Thomas L. Boeding,* assistant district attorney; *Nick A. Tomasic,* district attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before SPENCER, P.J., SWINEHART and MEYER, JJ.

MEYER, J.: Charles E. Jones (appellant) was convicted of the crime of aggravated robbery and was sentenced to 15 years to life with the mandatory no probation or parole provision of K.S.A. 1977 Supp. 21-4618 and 1977 Supp. 22-3717 being applicable. He then moved for post-conviction relief, pursuant to K.S.A. 60-1507, and his appeal to this court comes on after a denial of relief to him by the trial court.

While appellant at the outset of his brief sets out the issue to be whether or not the trial court erred in failing to grant relief to the petitioner under the provisions of K.S.A. 60-1507, it is apparent by his brief that he places the primary claims of error under the following two issues:

1. Did the trial court err in denying appellant's motion for post-conviction relief pursuant to K.S.A. 60-1507 on the ground that a record was not made of the preliminary hearing?

2. Did the trial court err in denying appellant's motion for post-conviction relief pursuant to K.S.A. 60-1507 on the ground that he was denied effective assistance of counsel when counsel failed to prosecute appeal for appellant?

We will deal with the above issues later herein, but deem it advisable to first discuss a more basic problem. That is, it is not evident from the record whether or not the trial court advised appellant of his right to appeal. Thus, is the failure of the trial judge to advise appellant of his right to appeal an error of constitutional gravity, and if so, were there also exceptional circumstances herein which would give the appellant the right to raise such constitutional error?

When no appeal is taken, trial errors affecting constitutional rights may be raised on a 60-1507 motion when there are exceptional circumstances excusing the failure to appeal. Supreme Court Rule No. 183(c)(3) (220 Kan. lxx). The briefs do not clearly indicate whether appellant was advised by the trial court of his right to appeal. The only references to this were in the conclusion of appellant's brief, as follows:

"FURTHER, it may do well to look into the records and see if the trial court Judge Miller, informed Charles Jones of his right to appeal and be represented by counsel, court appointed or otherwise, pursuant to K.S.A. 22-4505. Charles Jones cannot ever remember this being done by Judge Miller."

"[T]he possible negligence of Judge Miller not notifying Charles Jones of his right to appeal or to have counsel . . . ."

The journal entry from the K.S.A. 60-1507 hearing recites as a finding of fact that appellant's attorney advised appellant of his right to appeal and that appellant was advised by his counsel that he should request that the court appoint an attorney for him. The trial court found that appellant did not file a notice of appeal within the statutory time, although he knew of his right to appeal. The trial court then made the further finding that the failure to appeal was not due to any negligence on the part of appellant's trial counsel.

It is impossible for us to ascertain, with certainty, whether or not the trial court advised the appellant of his appeal rights. At the trial, appellant could have, and should have, raised this matter so that a determination could have been based on the transcript of the original trial. It is obvious he did not do so because the transcript of the K.S.A. 60-1507 hearing discloses no reference to the failure of the trial judge to so advise the appellant. Appellant's

failure to raise this point in the trial court is further indicated by the uncertain references which were made in his brief as indicated above.

"The burden is upon an appellant to designate a record sufficient . . . to establish the claimed error." *Farmers Ins. Exchange v. Schropp,* 222 Kan. 612, Syl. ¶ 8, 567 P.2d 1359 (1977). Appellant's failure in this regard is sufficient for us to affirm the trial court's decision. However, considering the importance of appellant's claim, we deem it proper to also consider this case as though the trial court did not advise appellant himself, but that appellant was advised by his counsel, both of the right to appeal and to have court-appointed counsel. When viewed in this light, the question is whether the appellant may raise this trial error, if such it was, in a 60-1507 proceeding. Therefore, our inquiry must be (1) whether there were exceptional circumstances excusing the failure to appeal; and (2) if so, was appellant denied a constitutional right.

K.S.A. 22-3424(5) provides that the court shall advise the appellant of his right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal *in forma pauperis.* This statute was taken verbatim from Fed. R. Crim. Proc. 32(a)(2). K.S.A. 60-1507 follows the language of 28 U.S.C.A. § 2255 which authorizes post-conviction motions to vacate or correct sentences. Therefore, the body of federal law which has developed under Rule 32(a)(2) and § 2255 should be given great weight in construing the provisions of K.S.A. 22-3424(5) and 60-1507. *Perrin v. State,* 196 Kan. 228, 234, 410 P.2d 298 (1966).

It is important to note, however, under the federal cases cited below, the question of constitutionality of the issue was not raised, but relief was granted solely on the basis of the failure to advise the defendant of his statutory appeal right. In Kansas, however, the error claimed must be constitutional in order to raise it when there is no direct appeal. The federal cases, then, would provide authority only for the claim of exceptional circumstances and the question of constitutional error determined independently.

The federal cases have almost uniformly held that compliance with Rule 32(a)(2) is mandatory by statute, and that the trial court's failure to advise the defendant of his rights regarding appeal constitutes a ground for relief under § 2255, even though

the defendant may have obtained knowledge of his rights from some other source. See *Rodriquez v. United States,* 395 U.S. 327, 23 L.Ed.2d 340, 89 S.Ct. 1715 (1969); *United States v. Benthien,* 434 F.2d 1031 (1st Cir. 1970); *United States v. Deans,* 436 F.2d 596 (3d Cir. 1971); *Paige v. United States,* 443 F.2d 781 (4th Cir. 1971); *Kirk v. United States,* 447 F.2d 749 (7th Cir. 1971); *Hoskins v. United States,* 462 F.2d 271 (3d Cir. 1972).

The failure of the trial court to advise appellant of his right to appeal is not, by itself, a constitutional error. The law is clearly stated in *Lee v. State,* 220 Kan. 221, 222, 552 P.2d 626 (1976):

"The right to appeal from a criminal conviction is not guaranteed by the Constitution of the United States or the Constitution of the State of Kansas, and failure to advise a defendant of his right to appeal does not rise to constitutional stature. (*Collins v. State,* 210 Kan. 577, 502 P.2d 851 [1972]; *Ware v. State,* 198 Kan. 523, 426 P.2d 78 [1967].)"

While both *Lee* and *Collins* involved 60-1507 petitions following the failure to appeal after guilty pleas, *Ware* spoke directly to the question where a defendant has been *convicted.* In *Ware,* 198 Kan. at 525-26 (also a 60-1507 case), the court said:

"Likewise, the right to appeal a state criminal conviction is not a fundamental right guaranteed by the Constitution of the United States or a requisite of due process of law guaranteed to any person by the Fourteenth Amendment. Such a right is a privilege, a matter of grace which the state can extend or withhold as it deems fit, or which may be granted on such terms and conditions as it sees fit. [Citations omitted.]"

Furthermore, the *Ware* case involved the defendant's claim that he had not been advised of his right to appeal by either court or counsel, and the court did not grant him an evidentiary hearing. In the instant case, the appellant was clearly advised of his right to appeal by his counsel, and the district court made a finding of fact that appellant had been so advised. Moreover, in the instant case the appellant was granted an evidentiary hearing in the 60-1507 action.

Since the failure of the trial court to advise appellant of his right to appeal is not by itself constitutional error, we turn to appellant's other claims of error.

Appellant claims error in that no record was made of his preliminary hearing. We conclude that, following *Britt v. North Carolina,* 404 U.S. 226, 30 L.Ed.2d 400, 92 S.Ct. 431 (1971), the question of whether or not appellant herein is entitled to a transcript of his preliminary hearing is a question of constitu-

tional proportions. While we conclude that the constitutional right to a transcript was affected, in the instant case the trial court considered appellant's claim and rejected it on the merits. We shall also consider his claim in that manner.

K.S.A. 22-2904 provides with respect to preliminary examinations:

"The magistrate may cause a record of the proceedings to be made and should do so when requested by the prosecuting attorney or the defendant or his counsel at least 48 hours prior to the time set for preliminary examination. The cost of preparation of such record shall be paid by the party requesting it. If neither party requests the record or the request is made by an indigent defendant, such costs shall be paid from the general fund of the county and taxed as costs in the case."

It is noted that at the preliminary hearing in this case the transcription equipment broke down and was not usable. It is also noted that neither party requested that such hearing be transcribed. Therefore, no court reporter was summoned to transcribe the testimony at the hearing.

Appellant relies on a line of cases wherein it has been held that a transcript of a preliminary hearing must be provided an indigent defendant. However, such cases are not dispositive of the issue in this matter because this case does not involve the failure to pay for, or otherwise provide for, the record of a preliminary hearing once such hearing is transcribed, but is pertinent as to whether the testimony need be transcribed in the first instance. We note that K.S.A. 22-2904 states that the magistrate *may* cause a record to be made of such proceedings, thus we hold that it is discretionary with the magistrate in the first instance whether or not a transcription will be made unless same is requested by either of the parties. It appears to us the situation here in analogous to those instances where a reporter dies before transcribing the results of a preliminary hearing.

*Miller v. State,* 204 Kan. 223, 224, 460 P.2d 501 (1969), noted the similarity with *Norvell v. Illinois,* 373 U.S. 420, 424, 10 L.Ed.2d 456, 83 S.Ct. 1366 (1963), in which it was held:

"[A] state, in a situation where no transcript of the trial is available due to the death of the court reporter, may without violation of the due process or equal protection clauses of the federal constitution deny relief to one who, at the time of trial had a lawyer and who presumably had his continuing services for purposes of appeal and yet failed to appeal. It was further said:

" 'When, through no fault of the State, transcripts of criminal trials are no longer available because of the death of the court reporter, some practical accommodation must be made. . . .

" 'The "rough accommodations" made by government do not violate the Equal Protection Clause of the Fourteenth Amendment unless the lines drawn are "hostile or invidious." . . .' "

Since the usual recording machines were not working, the case is controlled by the exception to a requirement of a transcript where no invidious discrimination based on ability to pay is evident.

Further, in *State v. Jones*, 222 Kan. 56, 59, 563 P.2d 1021 (1977), it was recognized that a request for a transcript should be made prior to trial in order to effectively assert the right to a transcript. Also, it was held in *State v. Jordan*, 220 Kan. 110, 113, 551 P.2d 773 (1976), that the right to have a transcript provided is subject to a determination by the trial court that such transcript is necessary to present a defense adequately. Applying the test of *Britt v. North Carolina*, 404 U.S. at 227, *Jones* and *Jordan* are authority for the premise that a transcript of a proceeding, even when one can be made, is not necessary absent a finding of necessity by the trial court. This implies to us that whether or not a transcript is made in the first instance is also discretionary with the trial court, unless it is determined that same was "needed for an effective defense." *Britt* at 227.

In the instant case the trial court specifically noted that the cross examination was adequate of the witness about whom the appellant complains, even without access to the transcript of the preliminary examination.

We find no error, constitutional or otherwise, relative to the failure to transcribe the evidence given at the preliminary hearing, although it is the preferable practice to have a transcription of the evidence.

We note that *State v. Daniels*, 2 Kan. App. 2d 603, 586 P.2d 50 (1978), is authority for the proposition that a record should be made of proceedings, even misdemeanor hearings, whenever evidence is taken. This is not a constitutional guarantee, however, and cannot be raised on a 60-1507 motion when no appeal is taken. Rule No. 183(c)(3) (220 Kan. lxx).

Moreover, *Daniels* differs markedly from the instant case in that in *Daniels* the defendant appeared pro se and the record referred to was of the trial itself. In the instant case the transcript complained of involved a preliminary hearing. Also, the same

counsel represented the appellant at both the preliminary hearing and the trial of the case.

Appellant also complains he was denied effective assistance of counsel and that his counsel failed to prosecute an appeal on his behalf. In this regard, we note that the trial court found, as a matter of fact, that appellant's attorney advised him of his right to appeal, that he was further advised that counsel did not want to prosecute the appeal, and that appellant was advised by his counsel that he should request that the court appoint an attorney for him. The trial court concluded that the appellant did not file a notice of appeal within the statutory period, although he knew of his right to appeal. The trial court further found that the failure to appeal was not due to any negligence on the part of appellant's trial court counsel.

Where the trial court's findings are supported by substantial competent evidence, they are conclusive on appeal. See *McGilbray v. Scholfield Winnebago, Inc.,* 221 Kan. 605, Syl. ¶ 3, 561 P.2d 832 (1977).

Another claimed error presented by appellant is that his trial counsel did not properly cross-examine one Keil, a State's witness, about allegedly being coached by a police officer during a preliminary hearing recess. The record, however, shows that appellant's counsel did cross-examine Keil regarding the incident and the evidence was that Keil did talk to an officer who is a friend of his who happened to be in the hall but who was not involved in petitioner's case. Since it was this conversation that gave rise to appellant's claim of "coaching," it is clear that the trial court believed and found that no coaching in fact occurred. We find no error in this regard.

We have not overlooked other claims of error made by the appellant, but conclude that same are without merit.

Affirmed.