(619 P.2d 155)
No. 51,619

DAVID WRIGHT, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed November 7, 1980.

*Michael Redmon,* of Kansas City, for the appellant.

*Nick A. Tomasic,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before MEYER, P.J., REES and PARKS, JJ.

REES, J.: This is an appeal from the denial of plaintiff's K.S.A. 60-1507 motion attacking his convictions and sentences. The denial was entered following a non-evidentiary hearing at which plaintiff appeared by appointed counsel but was not present in person.

Plaintiff was convicted in 1974 on two counts of first degree murder and sentenced to concurrent life terms. The facts surrounding the convictions are found in *State v. Wright,* 219 Kan. 808, 549 P.2d 958 (1976). They need not be repeated.

The motion underlying the present appeal was filed October 10, 1979. In it, the following allegations and contentions are made:

"(A) At the time I was read the Miranda Warnings, I was not aware of nor was I informed that my refusal to answer questions could *not* be used against me later in a court of law. It is my contention herein that I should have been advised that my silence could not be used against me later and I therefore submit that the Miranda Warnings as formulated by Miranda v. Arizona are insufficient.

"(B) I was intoxicated and on drugs at the time the alleged crimes were committed. However, my attorney did not argue nor did the judge instruct on the [principle] of law that provides that voluntary intoxication may negate the specific intent required for first degree murder, of which I was convicted.

"(C) Pictures of the victims of the alleged crime were admitted into evidence for the sole purpose of inflaming the jury. This argument was not considered by the Kansas Supreme Court because the pictures were not included in the record on appeal.

"(D) At the time of my trial I was under the influence of drugs to the extent that I could not properly assist in my defense."

In support of the foregoing, plaintiff included in his motion:

"(A) I will testify that I was never informed that my silence could not be used against me later in court.

"(B) I will testify as to this and my testimony will be supported by excerpts from my trial transcript. It is also possible that I may call other witnesses on this issue.

"(C) The pictures will be offered into evidence and I will also show the court that the prosecutor said in his closing argument to the jury that the pictures were admitted solely to show the jury the 'brutality' of the alleged crimes.

"(D) I will testify as to what drugs I took and the quantity thereof. It is also possible that I may call other witnesses on this issue but I am not sure at this time."

By journal entry filed October 31, 1979, the trial court denied the motion, finding that the motion, files and record of the case conclusively show plaintiff is entitled to no relief. Plaintiff appeals, contending the trial court erroneously denied an evidentiary hearing.

Guidelines for granting an evidentiary hearing on a K.S.A. 60-1507 motion are provided by statute, court rule and case law. A hearing, whether evidentiary or non-evidentiary, should be granted unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. K.S.A. 60-1507(*b*); Supreme Court Rule No. 183(f), 225 Kan. lxxv; *Van Bebber v. State,* 220 Kan. 3, 4, 551 P.2d 878 (1976). A presumption of regularity attaches to a judgment of criminal conviction and sentencing thereon. The plaintiff has the burden of establishing irregularity of his conviction and sentence; in a K.S.A. 60-1507 proceeding the movant has the burden of proof. Supreme Court Rule No. 183(g), 225 Kan. lxxv; *Thompson v. State,* 197 Kan. 630, 635, 419 P.2d 891 (1966). Conclusory contentions without evidentiary basis are not sufficient for relief. *Burns v. State,* 215 Kan. 497, 500, 524 P.2d 737 (1974). While corroboration of plaintiff's factual allegations is no longer a formal requirement [see *Morrow v. State,* 219 Kan. 442, 448, 548 P.2d 727 (1976)], corroboration is desirable. The motion must set forth a factual background, names of witnesses or other sources of evidence demonstrating plaintiff's entitlement to relief. *Sullivan v. State,* 222 Kan. 222, 223-224, 564 P.2d 455 (1977). An evidentiary hearing is not required if no substantial issue of fact is presented by the motion. *Rhone v. State,* 211 Kan. 206, 208, 505 P.2d 673 (1973); *Redd v. State,* 199 Kan. 431, 433, 429 P.2d 925 (1967).

Where a K.S.A. 60-1507 motion alleges facts which do not appear in the original record and which if true would entitle plaintiff to relief, and identifies readily available witnesses whose

testimony would support such facts or other sources of evidence, it is error to deny the motion without an evidentiary hearing. *Floyd v. State,* 208 Kan. 874, Syl. ¶ 1, 495 P.2d 92 (1972). Even where factual issues raised seem improbable, an evidentiary hearing is required unless the files and records of the case enable their complete resolution. *Rodgers v. State,* 197 Kan. 622, 624, 419 P.2d 828 (1966).

In construing the provisions of K.S.A. 60-1507, it is appropriate to place reliance upon federal case law relating to 28 U.S.C. § 2255, the federal counterpart to K.S.A. 60-1507. *Baier v. State,* 197 Kan. 602, 604, 419 P.2d 865 (1966); *State v. Richardson,* 194 Kan. 471, 472, 399 P.2d 799 (1965); *Jones v. State,* 3 Kan. App. 2d 578, 580, 598 P.2d 565, *rev. denied* 226 Kan. 792 (1979).

With the foregoing in mind, we pass to consideration of the issues raised in this proceeding.

Plaintiff's contention that he was entitled to a warning that his silence could not be used against him at a later time is a question of law. No evidentiary hearing is required where the issue raised is purely a question of law. See *e.g., Miller v. United States,* 564 F.2d 103, 106 (1st Cir. 1977); *Risken v. United States,* 197 F.2d 959, 961 (8th Cir. 1952). The record discloses that plaintiff was informed of his *Miranda* rights, including the right to remain silent. We have neither been referred to nor have we found case law requiring the warning suggested by plaintiff. Plaintiff's argument on appeal that he was erroneously denied an evidentiary hearing is without merit and there is no demonstrated error in the resolution of the question of law.

Plaintiff's contention that he was entitled to a jury instruction on voluntary intoxication (see PIK Crim. 54.12) likewise raises a question of law issue, an issue not requiring an evidentiary hearing. It was neither raised at trial nor on direct appeal. Plaintiff asserts nothing explanatory of the failure to raise the issue previously. See *Melton v. State,* 220 Kan. 516, 517, 552 P.2d 969 (1976). Collateral relief is not available to set aside a conviction on the basis of erroneous jury instructions unless the error had such an effect on the trial as to render the trial so fundamentally unfair that defendant was denied a fair trial in a constitutional sense. *Merrill v. United States,* 599 F.2d 240, 242 (8th Cir. 1979); *Lorraine v. United States,* 444 F.2d 1, 2 (10th Cir. 1971). Despite the fact plaintiff has failed to cause to be included in the record

on appeal the jury instructions given at trial, and it is incumbent upon the appealing party to include in the record on appeal any matter upon which he intends to base a claim of error [*Lill v. State,* 4 Kan. App. 2d 40, 42-43, 602 P.2d 129 (1979)], we have obtained and examined the jury instructions given. On direct appeal, the Supreme Court found there was ample evidence to support a finding of malice and premeditation on the part of plaintiff in the commission of the crimes charged. 219 Kan. at 814-815. In view of plaintiff's unexplained failure to raise the issue previously, the lack of allegation of a constitutional violation, and the trial evidence supporting the element of the offense plaintiff attempts to negate herein, it does not appear that the trial court improperly denied plaintiff's contention at the non-evidentiary hearing before it.

Plaintiff contends he was prejudiced by the erroneous admission of gruesome photographs. Although raised on direct appeal, the Supreme Court was unable to review this question because the photographs were not included in the record on appeal. 219 Kan. at 812. The trial judge who ruled on the instant motion was the presiding judge at the trial on the murder charges. We have examined the photographs and find them not inherently prejudicial, even when coupled with the prosecutor's remark in closing argument concerning the brutality of the crimes. The photographs are black and white, and not unnecessarily suggestive, gruesome or repetitive. We conclude the trial court properly rejected this third contention of plaintiff. Nothing outside the files and records of the case was needed, and no evidentiary hearing was required.

Plaintiff's most strenuous argument that he was improperly denied an evidentiary hearing is made with regard to his fourth and last contention.

Counsel for plaintiff points to *Sanders v. United States,* 373 U.S. 1, 10 L.Ed.2d 148, 83 S.Ct. 1068 (1963), as support for the proposition that plaintiff was entitled to an evidentiary hearing on the issue of whether he was competent at the time of trial to aid in his defense. In *Sanders,* the United States Supreme Court remanded a proceeding under 28 U.S.C. § 2255 for an evidentiary hearing. There, the petitioner claimed that, as a result of the administration of narcotics while confined in jail pending trial, he was rendered mentally incompetent at the time of his conviction and sentencing upon the entry of a guilty plea.

*Sanders* is distinguishable from the present case. In *Sanders* there was never a determination of Sanders' competency; here, following psychiatric treatment and evaluation, a pretrial determination of plaintiff's competency to aid in his own defense was made by the trial court. Additionally, in *Sanders* it was noted that "the facts on which petitioner's claim . . . is predicated are outside the record." 373 U.S. at 20. The converse is true in the present case. In his motion, plaintiff states he would testify as to what drugs he took on the days of his trial. This information was substantially adduced as a part of plaintiff's trial testimony. No showing is made that present testimony of plaintiff would differ from his former testimony. Having reviewed his trial testimony, we must conclude that the denial of an evidentiary hearing on the issue of plaintiff's ability to aid in his defense was not erroneous where the issue was the subject of pretrial adjudication and where plaintiff now fails to make a showing of evidence, other than that appearing in the files and records of the case.

Affirmed.