NOT DESIGNATED FOR PUBLICATION

No. 114,159

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KATRON HARRIS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed May 13, 2016. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.


*Per Curiam*:  Katron Harris appeals the district court's summary denial of his K.S.A. 60-1507 motion. He argues he received ineffective assistance of counsel because his trial counsel failed to object to the admission of a statement which was the result of a *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, *reh. denied* 385 U.S. 890 (1966), violation, failed to challenge the admission of a prior statement, and did not call witnesses necessary to present any defense on his behalf. We affirm.

1

Katron Harris appeals the district court's summary denial of his K.S.A. 60-1507 motion. Only the facts necessary to address Harris' arguments are included here. The facts underlying Harris' conviction are detailed in *State v. Harris*, 297 Kan. 1076, 306 P.3d 282 (2013).

On April 6, 2009, by a hand-delivered letter from Harris' defense counsel, Debera Erickson, informed Harris that Kelvin Gibson, Jr., a codefendant, wanted "to help [Harris] by telling the police what really happened that night." The letter continued:

> "[Gibson] states that you thought they were going to buy pot and that you did not know what was going on until after the crime and that only he and Marcus knew what they were about to do. He also tells me about what happened at Buddys [*sic*] and that Marcus threatened you to keep you [sic] mouth shut. However, his attorney is not going to allow you to use this information while he is charged in this case. And the Judge would tell him that he should not testify if your case is tried before his case is tried."

At Harris' *Jackson v. Denno,* 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), hearing, Detective William Michael testified he did not recall if they took a statement from Harris on the night he was arrested. Detective Michael also testified Harris freely and voluntarily waived his *Miranda* rights before giving a statement in his second interview. Even after being cross-examined about the existence of an advice of rights form for the initial interview, Detective Michael testified he could not remember whether he talked to Harris the night Harris was arrested.

At trial, the State began to question Detective Angela Garrison regarding Harris' first interview. Defense counsel objected because it had not received the notice of the interview. Outside the presence of the jury, the State acknowledged it obtained a narrative from Detective Michael and Detective Garrison regarding the initial interview

but argued that a copy of the narrative was sent to Erickson when it was received. After discussing with the parties how to rectify the situation, the district court read the narrative into the record, which read:

> "Our conversation with Harris was brief as he did not provide any relevant information regarding his involvement in the murder. He maintained he was not involved in the murder and had been at home with his girlfriend Meagan and his mother. At no time during our conversation did he invoke his *Miranda* rights. A recorded statement was not obtained due to the brevity of our conversation. We told Harris we would recontact him at a later time, if necessary."

Harris was ultimately convicted of aggravated robbery and first-degree murder. At a hearing on a motion for new trial, based at least in part on counsel's failure to call Gibson as a witness, counsel indicated she decided not to call Gibson because she had serious concerns about his credibility.

After the conclusion of his direct appeal, Harris filed a motion pursuant to K.S.A. 60-1507 alleging ineffective assistance of counsel. Specifically, he argued Erickson was ineffective for failing to challenge the admission of a statement made in violation of *Miranda* and was ineffective for failing to argue Harris' theory of defense.

The district court summarily denied Harris' K.S.A. 60-1507 motion, stating "[a] thorough review of the files, records and pleadings of the case in the sentencing court conclusively shows that the movant is entitled to no relief." Harris timely appealed.

ANALYSIS

On appeal, Harris contends:

"1. His second statement to police was entered in violation of his constitutional rights as set out in *Miranda v. Arizona*. Alternatively, trial counsel was ineffective for failing to object to the admission of the statement as a result of the *Miranda* violation,

"2. His initial statement to the police was admitted in violation of his constitutional rights as set out in *Jackson v. Denno*. Alternatively, trial counsel was ineffective for failing to object to the voluntariness of the statements,

"3. Trial counsel was ineffective for failing to call witnesses and present a defense on his behalf, and

"4. The district court erred by summarily denying the K.S.A. 60-1507 motion without hearing where there were substantial issues."

An issue not raised before the trial court cannot be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Harris only argued ineffective assistance of counsel in his K.S.A. 60-1507 motion. Similarly, Harris did not raise an issue with his initial statement in his K.S.A. 60-1507 motion. Accordingly, the *Miranda* and *Jackson v. Denno* issues are not properly before this court. As a result, the only issues to be addressed are whether trial counsel was ineffective for failing to object to the admission of the statement or present Harris' theory of defense.

A district court may handle a K.S.A. 60-1507 motion three ways:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

requiring a full hearing.' [Citation omitted.]"). *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. *Sola-Morales*, 300 Kan. at 881. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Because the district court summarily denied Harris' K.S.A. 60-1507 motion, this court reviews the district court's decision de novo.

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (quoting *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]).

Further, a district court's summary denial of a K.S.A. 60-1507 motion is erroneous if the motion "alleges facts which do not appear in the original record but which, if true, would entitle the movant to relief, and the motion identifies readily available witnesses whose testimony would support such facts or other sources of evidence." *Swenson v. State*, 284 Kan. 931, 939, 169 P.3d 298 (2007). Corroboration of a plaintiff's factual allegations is not required, but is desirable. *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980).

5

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.*, that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882, relying on *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 (1984). Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *Kelly*, 298 Kan. at 970.

Harris argues his trial counsel was ineffective because she failed to object to the admission of his confession based on an alleged *Miranda* violation. In the memorandum supporting his K.S.A. 60-1507 motion, Harris contends he invoked his *Miranda* rights to remain silent and requested an attorney during his first interview with police and, as a result, the second interview violated *Miranda*.

Harris has not identified any witnesses or evidence supporting the allegation he invoked his right to remain silent and requested an attorney. Moreover, the record reflects Harris did not invoke his *Miranda* rights. The narrative provided by Detective Garrison after the *Jackson v. Denno* hearing indicated Harris did not invoke his *Miranda* rights. This narrative was provided to Erickson and read into the record prior to the admission of Harris' recorded statement. In addition, the record reflects Harris waived his *Miranda* rights before both interviews.

The record reflects Harris did not invoke his *Miranda* rights. Therefore, Erickson was not ineffective for failing to object to the admissibility of Harris' recorded statement and Harris has not met his burden to establish he is entitled to relief for ineffective assistance of counsel.

6

In his motion, Harris also alleged his trial counsel was ineffective for failing to argue his theory of defense and call two witnesses, Gibson and Brian Tatum, who could support his theory of defense. Whether to call a particular witness is a matter of trial strategy. *Shumway v. State*, 48 Kan. App. 2d 490, 508, 293 P.3d 772, *rev. denied* 298 Kan. 1203 (2013). If counsel has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. *State v. Cheatham*, 296 Kan. 417, 437, 292 P.3d 318 (2013) (citing *Strickland*, 466 U.S. at 690-91).

Harris is not entitled to an evidentiary hearing regarding trial counsel's failure to call Kelvin Gibson, Jr., as a witness. Harris cites *Shumway* for the proposition that failure to call a witness to establish a defense may constitute ineffective assistance of counsel. However, *Shumway* is distinguishable because it dealt with alibi witnesses and a theory of innocence. In contrast, Gibson is not an alibi witness and Harris argued a theory of duress. Unlike in *Shumway*, Gibson's testimony would not have shown Harris was not involved.

Further, though Gibson was a codefendant before their cases were severed, Gibson indicated he wanted to testify on Harris' behalf. However, at the hearing on Harris' motion for new trial, Erickson indicated Gibson had provided multiple contradictory statements. While Gibson left voicemails and sent letters to Erickson indicating Harris had nothing to do with the crime, he also made a statement implicating Harris as a knowing participant in the crime. Further, though Erickson did not ask Gibson to testify, she indicated Gibson's attorney would not allow him to testify until after his case was concluded. Erickson indicated she decided not to have Gibson testify. Erickson's decision not to call Gibson as a witness was a matter of trial strategy. Harris has not shown her performance was deficient and has not established he was entitled to an evidentiary hearing.

Harris likewise did not establish he was entitled to an evidentiary hearing regarding Tatum's testimony. Harris did not identify what information, if any, Tatum would have provided. Instead, Harris argues:

> "Calling Mr. Tatum to testify for Mr. Harris *could* have served a dual purpose; (1) corroborate Mr. Harris's [*sic*] story that he played a minor role in the crime; (2) it could have also revealed whether Mr. [*sic*] heard gunshots which would proved [*sic*] that Mr. Harris was not the shooter or in the house at the time of the shooting." (Emphasis added.)

Harris does not identify whether Tatum would have testified Harris played a minor role or was not in the house when the shooting occurred. Instead, Harris merely indicated Tatum *could have* testified in a manner supporting his argument. Harris has not provided a factual basis or any evidence indicating he is entitled to relief.

The district court did not err when it summarily denied Harris' K.S.A. 60-1507 motion because the decision not to call Gibson was trial strategy and Harris did not identify what Tatum would have testified to.

Affirmed.