NOT DESIGNATED FOR PUBLICATION

No. 114,228

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN L. FROST,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 29, 2016. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN, J., and STUTZMAN, S.J.

*Per Curiam*: Kevin L. Frost appeals the summary denial of his K.S.A. 60-1507 motion. We find no support in the record for Frost's allegations his trial counsel provided ineffective assistance or that his appellate counsel was ineffective during his direct appeal in case No. 106,375. Here, the district court erred in summarily denying Frost's motion based on a finding he had previously raised ineffectiveness of both trial and appellate counsel in his direct appeal. Although the district court based its decision to summarily deny Frost's 1507 motion on the wrong ground, it correctly concluded the 1507 motion "fail[ed] to establish with sufficient detail any grounds for which relief can be granted." We affirm.

1

Frost filed a motion pursuant to K.S.A. 60-1507 alleging ineffective assistance of both trial and appellate counsel and that the district court misinterpreted the sentencing guidelines. The district court's brief order denying Frost's 1507 motion stated: "Petitioner raises issues addressed in appeal and denied. His assertions fail to establish with sufficient detail any grounds for which relief can be granted at this time."

Our review of the record reveals Frost pleaded guilty to one count of aggravated indecent liberties with a child under the age of 14. As part of his plea agreement, the State indicated it would request the trial court impose the presumed sentence of a mandatory life imprisonment with a mandatory minimum term of imprisonment of not less than 25 years. Frost would be eligible for parole after 25 years. The plea agreement also indicated the State would oppose a departure sentence.

Frost filed a motion for durational departure and argued for a durational departure at sentencing. The trial court stated:

"Well, let me ask counsel for the defendant, I understand that you are filing a motion for departure and I'm trying to figure out how [K.S.A.] 21-4719 which governs the grid felonies, how—the Court can use that in application on grid felonies, but this is an off grid felony. I mean, I'm just not seeing that I've got an option. I mean, I understand the issue of proportionality. If this was murder 2, we would be looking at less of a sentence."

Frost responded to the trial court it could depart to the grid since this was his first conviction. However, the trial court denied Frost's motion for departure stating:

"It is with some reluctance because of the issues of proportionality that I'm going to deny the motion for departure. I can't say that this is not a decision that has weighed upon me for some time since this case was assigned to me subsequent to plea. And while the defendant has taken positive steps in accepting responsibility limiting the victim's stress that would

have been incurred through exercising his right to a trial and other hearings that does not diminish the nature of this crime or its likely effect on the victim."

Frost was sentenced to life imprisonment with a mandatory minimum term of imprisonment of not less than 25 years. Frost filed a direct appeal, arguing his sentence violated the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual punishment. Another panel of this court noted Frost did not argue his sentence violated § 9 of the Kansas Constitution Bill of Rights or argue a case-specific proportionality challenge. The panel found Frost's sentence was not cruel and unusual punishment and affirmed the trial court.

Upon receipt of the district court's order denying his 1507 motion, Frost filed a motion pursuant to Supreme Court Rule 183(j) (2015 Kan. Ct. R. 271), requesting specific findings of fact and conclusions of law. The district court denied this motion stating: "Prior order is sufficient. This motion is denied." Frost appealed.

ANALYSIS

There are three well-recognized options for the district court to follow when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court summarily denied Frost's 1507 motion. When a 1507 motion has been summarily denied, an appellate court conducts de novo review to determine

whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881 (citing *Holt v. State*, 290 Kan. 491, 495, 232 P.3d 848 [2010]). Corroboration of a plaintiff's factual allegations is not required but is desirable. *Wright v. State*, 5 Kan. App. 2d 494, 495, 619 P.2d 155 (1980).

Frost argues the district court erred when it summarily denied his 1507 motion because he raised legitimate claims of ineffective assistance of counsel that were not addressed in his prior appeal. The State concedes Frost's ineffective assistance of counsel claims were not raised on direct appeal but argues remand is unnecessary because the record presented by Frost is insufficient to support his claims of ineffective assistance of trial and appellate counsel.

Since Frost did not, in fact, raise ineffective assistance of counsel in his direct appeal, the district court erred in summarily dismissing his 1507 motion on the basis that he had done so. However, if a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman,* 301 Kan. 704, 712, 348 P.3d 516 (2015). The district court's summary denial of Frost's 1507 motion is reviewed de novo. A review of the motion, files, and case records conclusively shows Frost is not entitled to relief because he has not raised legitimate claims of ineffective assistance of counsel.

4

*No legitimate claim of ineffective assistance of trial counsel.*

To prevail on a claim of ineffective assistance of counsel, "a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, *i.e.,* there is a reasonable probability the jury would have reached a different result absent the deficient performance." *Sola-Morales* 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). "When a defendant enters into a plea bargain and later claims ineffective assistance of counsel, the proper inquiry under the second prong of *Strickland* is whether, absent trial counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *State v. Adams,* 297 Kan. 665, Syl. ¶ 3, 304 P.3d 311 (2013).

Without providing any details, Frost first asserts trial counsel failed to investigate the nature of his charges and prepare an adequate defense. Frost has not set forth an evidentiary basis to support this contention, and we find no support for his contention in the record.

Frost also claims his trial counsel instructed him on "how to respond to the trial court's questions, plead guilty, be apologetic and not say too much," and he would receive "a sentence of no more than 6 years, possibly 9." The record does not support Frost's claim. First, the Defendant's Acknowledgement of Rights, which Frost signed, indicated he was pleading to aggravated indecent liberties, which carried a presumed penalty of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years. The agreement also stated Frost understood the sentencing judge was not bound by the plea agreement, could impose any lawful sentence, and Frost would not be allowed to withdraw his plea if the district court rejected the plea agreement.

Further, the agreement provided Frost could request a durational departure but clearly indicated the State would oppose any durational departure Frost asked for. The plea agreement stated with underlined and bold print:  "The Defendant is again specifically

notified that the Sentencing Judge does not have to grant the departure to the sentencing guidelines grid. The Judge has the discretion to impose a life sentence."

Frost's claim is without merit. He fails to show any trial counsel errors and, even if there were, that he would not have pleaded guilty for the reasons stated in his departure motion. Frost's motion for a downward durational departure indicates Frost pleaded guilty "despite the fact that the State was offering him noting [*sic*] in exchange for his plea of guilty, specifically because Mr. Frost did not wish to the [*sic*] put the victim, her family, or his family through any more trauma than his actions had already caused." Frost's counsel reiterated this while arguing for a departure at sentencing:

> "He entered a plea with the State because he would not put the victim through anything more, even knowing that he faces life in prison, . . . but Mr. Frost has done nothing but stand up and take responsibility for his actions and the State didn't need to bargain, despite the fact that there is a good psychological evaluation, . . . and that is because he stood up and took responsibility."

Frost has not raised a legitimate claim of ineffective assistance of trial counsel. The motion, files, and case records conclusively show Frost is not entitled to relief.

*No legitimate claim of ineffective assistance of appellate counsel.*

Frost argues that during his direct appeal, appellate counsel was ineffective for only raising a categorically disproportionate claim of cruel and unusual punishment. On appeal, Frost contends appellate counsel should have also argued his sentence was cruel and unusual punishment under the Kansas Constitution or under the federally recognized case-specific proportionality analysis.

However, the failure to raise an issue on appeal is not necessarily ineffective assistance of counsel. *Baker v. State*, 243 Kan. 1, 9, 755 P.2d 493 (1988).

"[A]ppellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal. . . . Conscientious counsel should only raise issues on appeal which, in the exercise of reasonable professional judgment, have merit." 243 Kan. at 10.

A claim that a sentence violates § 9 of the Kansas Constitution Bill of Rights cannot be raised for the first time on appeal. *State v. Gomez*, 290 Kan. 858, 868, 235 P.3d 1203 (2010). Similarly, a case-specific proportionality challenge must first be raised in the trial court because it is inherently factual. 290 Kan. at 864. Frost did not raise either argument before the trial court as he entered into a plea deal with the State to avoid additional trauma to the victim and her family. As a result, these arguments could not be raised on direct appeal and were without merit. Frost's appellate counsel was not ineffective for only raising a categorically disproportionate claim under the Eighth Amendment.

Though the district court erred when it found Frost had previously raised ineffective assistance of trial and appellate counsel in his direct appeal and denied his motion, the district court still reached the correct result when it summarily denied his motion as the record before us provides no support for Frost's 1507 motion. We affirm.

Affirmed.