No. 49,692

STATE OF KANSAS, *Appellee,* v. FRANK PENCEK, JR., *Appellant.*

(585 P.2d 1052)

Opinion filed October 28, 1978.

*Steven L. Opat,* public defender, Junction City, argued the cause and was on the brief for the appellant.

*Michael G. Moroney,* assistant attorney general, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Frank Pencek, Jr. appeals from multiple criminal convictions in Geary County, Kansas. A jury found Pencek guilty of felony murder, kidnapping and rape. He was sentenced for first degree murder, aggravated kidnapping and rape.

The victim of these crimes was Elizabeth Bush. She was a young girl of college age employed as a "rangerette" at the state park at Milford Lake in Geary County. In the early evening hours of May 17, 1974, Ms. Bush was abducted from her duty station in the state park. No one witnessed the abduction. Her body was discovered two days later along a back road in Wabaunsee County, near Alma, Kansas. The discovery was made by two farmers as they were preparing to do some field work.

An examination of the body at the scene disclosed that the young lady died of multiple stab wounds inflicted where the body was located. As a result of an investigation the defendant Pencek was arrested.

Two different people who were at the state park on the evening of May 17 had noticed a white Opel station wagon near the duty station of the rangerette shortly before she disappeared. One of these individuals was employed in the service department of an auto dealership in Junction City and was acquainted with Pencek and familiar with his car. The officers were informed of these facts. Thereupon, Pencek became the prime suspect.

Evidence was developed by the investigating officers which tended to establish Pencek's presence at the scene where the body was located. Footprints and car tracks at the scene where the body was found matched those of the defendant and of his car. The victim's presence in and around the defendant's car was established by a palm print found on the car and by blood and hair samples taken from a knife. The knife was owned by the defendant and found in his car. There was other evidence to support a finding of guilt including a confession by defendant while under the influence of sodium pentothal. A loose pubic hair sample taken from the victim matched the pubic hair of the defendant. Evidence of the guilt of the defendant appears overwhelming. The defendant pled not guilty by reason of insanity and, as previously stated, he was found guilty and sentenced on all three counts. He appeals.

The defendant-appellant argues that he was denied a trial by a fair and impartial jury because his motion for change of venue was denied. He argues that so great a prejudice existed against him in the community he could not receive a fair trial in that judicial district. At the hearing on his motion he presented testi-

mony from three witnesses and introduced various newspaper and magazine articles. It would accomplish little to detail the testimony and set forth the contents of the printed articles.

The state produced various witnesses who testified to the contrary.

Prejudice must be shown as a demonstrable reality before a change of venue is required. The publication of articles in local newspapers does not *per se* establish prejudice. *State v. Sanders,* 223 Kan. 273, 279, 574 P.2d 559 (1977); *State v. Gander,* 220 Kan. 88, Syl. 6, 551 P.2d 797 (1976).

We have studied the testimony and read the printed articles. The published articles are factual and nothing appears personally derogatory about the defendant other than such independent conclusions as might be drawn from the factual statements. The articles were published about six months before the trial and any opinions engendered by the articles would seem to have been tempered somewhat by the lapse of time. There were 108 people called for jury duty. Of the 108 people available only 75 were examined on *voir dire* to obtain the 42 persons passed for cause. These statistics wholly fail to evince an excited populace. We do not find that prejudice was shown as a demonstrable reality. The motion for change of venue was properly overruled.

The second point raised by defendant has to do with the introduction of photographs which are referred to as inflammatory and prejudicial. The pictures served to unfold and explain the situation found at the scene of the crime. They illustrate the nature and extent of the wounds inflicted which consisted of two stab wounds in the left chest, one in the genitals, and nine in the back extending from the neck to the pelvis. There were lacerations on one hand and above the left eyebrow. We have viewed these pictures together with others objected to by appellant and find no error in their admission. See *State v. Wilson,* 220 Kan. 341, Syl. 5, 552 P.2d 931 (1976).

The third point raised by appellant concerns the validity of these multiple convictions. Appellant was convicted of felony murder, kidnapping and rape. It is argued that the charges and convictions for kidnapping and rape are multiple prosecutions for the same criminal delinquency and these additional charges should come under the classification of included crimes—those necessarily proved if the crime charged was proved. See K.S.A.

21-3107(2)(*d*). If the statute referred to is applicable to the present crimes the appellant could be convicted of felony murder or of kidnapping and rape, but not all three. It is argued that since the charges of kidnapping and rape must be proved in order to supply the malice, premeditation and deliberation necessary in first degree murder, such charges are a part of the primary crime charged. We disagree.

Culpable conduct of a defendant, although constituting a single transaction, may result in multiple violations of the criminal code for which the defendant may be severally prosecuted. *State v. Pruitt,* 216 Kan. 103, 105, 531 P.2d 860 (1975). In *State v. Watkins,* 219 Kan. 81, 95, 547 P.2d 810 (1976), this court addressed the precise question raised here. It was held that charges of felony murder and underlying felonies of robbery and burglary although constituting one transaction were properly joined and were not improperly carved out of one criminal delinquency. The prohibition against double jeopardy does not bar prosecutions of multiple violations which arise from one criminal transaction. The prohibition is against multiple prosecutions of the same criminal delinquency. See *State v. Edgington,* 223 Kan. 413, 573 P.2d 1059 (1978), and cases cited at 416. The appellant's contention is without merit.

The appellant charges that he was deprived of due process by reason of ineffective assistance of counsel. These charges are based upon certain trial tactics used by his appointed counsel in an effort to weaken the overwhelming evidence of guilt. The crimes of the appellant were brutal and distasteful. Appellant pled not guilty by reason of insanity. His counsel at trial attempted unsuccessfully to keep the gory details of these crimes from the jury by proposing a stipulation of facts of the three crimes with the assent of the appellant. The effect of such a stipulation was not crucial in the case when one considers that a confession by the appellant in much greater detail had been obtained voluntarily from the appellant and was to be admitted during the trial.

Before it can be said that there has been a denial of the constitutional right to counsel, it must clearly appear that the representation afforded an accused was wholly ineffective and inadequate. *Oswald v. State,* 221 Kan. 625, 561 P.2d 838 (1977). Trial strategy and tactics depend in great measure on the discre-

tion and judgment as well as the expertise of trial counsel. *Tuscano v. State,* 206 Kan. 260, 478 P.2d 213 (1970). In determining the adequacy and effectiveness of an attorney's services to his client, the court must look at the representation afforded the accused in its totality and not in fragmentary segments. *State v. Brown,* 204 Kan. 430, 464 P.2d 161 (1970). The burden is on the defendant to show the representation by the attorney was so ineffective that the total effect was the same as a complete absence of counsel. *Lee v. State,* 220 Kan. 221, 552 P.2d 626 (1976).

The record in this case when considered in its entirety shows diligent representation of the appellant by the appointed attorney. The possibility, in retrospect, that some strategy or procedure, different from that used by the accused's lawyer, might have brought about better results for the accused is wholly insufficient to sustain a claim of ineffective assistance of counsel. The point is without merit.

The next point argued by appellant concerns a question of venue. There was evidence the victim of these crimes was abducted from her duty station at Milford Lake in Geary County and taken by threat of force into Wabaunsee County where she was raped and killed. Appellant argues that the trial court in Geary County was without jurisdiction to try the case since the body of the victim was found and the crimes of rape and murder occurred in Wabaunsee County.

The venue statutes read:

"**Place of trial.** Except as otherwise provided by law, the prosecution shall be in the county where the crime was committed." K.S.A. 22-2602.

"**Crime committed in more than one county.** Where two or more acts are requisite to the commission of any crime and such acts occur in different counties the prosecution may be in any county in which any of such acts occur." K.S.A. 22-2603.

As a general rule venue is a question of fact for the jury to determine in the trial of the case in chief. Venue may be established by proof of facts and circumstances introduced in evidence from which the place or places of commission of the crime or crimes may be fairly and reasonably inferred. *State v. Pyle,* 216 Kan. 423, 433, 532 P.2d 1309 (1975); *State v. Fleury,* 203 Kan. 888, 457 P.2d 44 (1969).

A somewhat similar situation was presented in *State v. Zimmer,* 198 Kan. 479, 426 P.2d 267, *cert. denied* 389 U.S. 933, 19 L.Ed.2d 286, 88 S.Ct. 298 (1967). There a little girl was abducted

in Shawnee County and her body later found in Pottawatomie County. The question was whether venue for a felony murder charge lay in Shawnee County. This court held it did under the forerunner of 22-2603. The court observed that the place where the body was found was within five or six minutes driving time from three adjoining counties, and commented (p. 499): "A murderer should not escape punishment because the exact place of his crime is concealed."

In *State v. Pyle* the victim was removed from her home and killed in another county. It was held the removal was an act "requisite" to the commission of the murder and that proper venue would remain in Kiowa County—the county from which she had been removed.

In *State v. Duvaul,* 223 Kan. 718, 576 P.2d 653 (1978), the victim was kidnapped in Sedgwick County and murdered in Butler County. Prosecution in Sedgwick County was held proper under our statute and case law.

Jurisdiction of the District Court of Geary County to try the appellant for crimes initiated in Geary County and consummated in Wabaunsee County cannot be questioned on either the law or the facts of this case. The point is without merit.

One final claim of error was conceded by the state to have merit on oral argument. The claim relates only to the sentence on aggravated kidnapping for which appellant received a second consecutive sentence of life imprisonment. Although appellant had been charged with aggravated kidnapping (K.S.A. 21-3421) the jury was instructed only on simple kidnapping (K.S.A. 21-3420) in the form appearing in PIK Crim. 56.24. Based on this instruction the jury returned a verdict of kidnapping as charged in Count II of the information. The court then sentenced appellant to a second consecutive term of life imprisonment for the crime of aggravated kidnapping. Aggravated kidnapping is a class A felony. Simple kidnapping is a lesser included crime of aggravated kidnapping. See K.S.A. 21-3107(2)(*d*).

There is nothing in the record from which we can determine the reason why the trial court instructed on simple kidnapping rather than aggravated kidnapping. But regardless of the reason the court limited the jury to a consideration of simple kidnapping. The court's instruction set out the required elements of the crime of simple kidnapping and the jury brought in its verdict based on

those elements. The appellant was convicted of simple kidnapping, a class B felony. The conviction was proper but sentencing for aggravated kidnapping was beyond the authority of the trial court and the sentence is set aside.

The convictions and sentences for murder in the first degree and rape are affirmed. The conviction of the appellant for kidnapping is affirmed but the sentence thereon is set aside and the case is remanded to the district court with instructions to resentence the appellant for the crime of simple kidnapping, a class B felony. See K.S.A. 21-3420.