NOT DESIGNATED FOR PUBLICATION

No. 123,802

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAKOTA ANDERSEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed March 18, 2022. Affirmed.

*Jennifer Lautz*, of Hutchinson, for appellant.

*Thomas R. Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ISHERWOOD, P.J., GREEN and BRUNS, JJ.

PER CURIAM: Dakota Andersen appeals the trial court's summary denial of his motion to correct an illegal sentence. On appeal, he argues that the trial court erred when it did not construe his motion as a motion for ineffective assistance of counsel under K.S.A. 60-1507. Because the trial court properly analyzed and properly denied Andersen's motion, we affirm.

FACTS

A jury convicted Andersen of two counts of aggravated robbery, in violation of K.S.A. 2014 Supp. 21-5420(b); two counts of aggravated burglary, in violation of K.S.A. 2014 Supp. 21-5807(b); aggravated kidnapping, in violation of K.S.A. 2014 Supp. 21-5408(b); felony theft of a firearm, in violation of K.S.A. 2014 Supp. 21-5801(a)(1), (b)(7); aggravated battery, in violation of K.S.A. 2014 Supp. 21-5413(b)(1)(A); and criminal threat, in violation of K.S.A. 2014 Supp. 21-5415(a)(1).

Andersen moved for a new trial, alleging that the verdict was contrary to the evidence and the trial court erred in admitting evidence which should have been suppressed. The trial court sentenced Andersen to 246 months, or 20 1/2 years, in prison. The trial court denied Andersen's motion for new trial.

Andersen appealed his convictions, and this court remanded for a hearing on ineffective assistance of counsel based on *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). After the *Van Cleave* hearing, the trial court held that Andersen's counsel was not ineffective. This court affirmed. *State v. Andersen*, No. 117,218, 2019 WL 6634393, at *7 (Kan. App. 2019) (unpublished opinion).

In January 2020, Andersen filed the pro se motion to correct an illegal sentence at issue here. In his motion, Andersen contended that the State's complaint, as written, charged him with kidnapping and omitted an element required for aggravated kidnapping. Thus, Andersen argued that he was charged with and convicted of kidnapping and the trial court imposed an illegal sentence when it sentenced him for aggravated kidnapping. The trial court summarily denied his motion to correct an illegal sentence.

Andersen timely appeals.

2

ANALYSIS

*Did the trial court err by summarily denying Andersen's motion to correct an illegal sentence?*

On appeal, Andersen argues that the trial court erred because it did not liberally construe his motion as an ineffective assistance of counsel claim under K.S.A. 60-1507. The State first argues that Andersen's appeal is untimely. The State then argues that Andersen's motion was clear as to the remedy sought and the trial court correctly considered it as a motion to correct an illegal sentence.

Whether a trial court properly construed a pro se pleading is a question of law subject to unlimited review. *State v. Ditges*, 306 Kan. 454, 456, 394 P.3d 859 (2017).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

When a trial court summarily denies a motion to correct an illegal sentence, the appellate court applies a de novo standard of review because the appellate court has the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

A sentence is illegal under K.S.A. 2020 Supp. 22-3504(c)(1) when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). A change in the law that occurs after the sentence is pronounced and after any direct appeal is concluded does not render that sentence illegal. K.S.A. 2020 Supp. 22-3504(c).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 2020 Supp. 22-3504(a). A defendant may challenge a sentence even for the first time on appeal. *Hambright*, 310 Kan. at 411. An appellate court may consider the legality of a sentence sua sponte. *State v. Ballou*, 310 Kan. 591, 617, 448 P.3d 479 (2019). The illegal sentence statute, however, has very limited applicability. *Alford*, 308 Kan. at 1338. The appellate court has discretion to construe an improper motion to correct an illegal sentence as a motion challenging the sentence under K.S.A. 60-1507. *State v. Redding*, 310 Kan. 15, 19, 444 P.3d 989 (2019) (citing *State v. Harp*, 283 Kan. 740, 744-45, 156 P.3d 1268 [2007]).

The State contends that Andersen's appeal is untimely because the trial court denied his motion on February 4, 2020, and Andersen filed his notice of appeal on February 24, 2020. In criminal cases, defendants have 14 days from the judgment of the trial court to appeal. K.S.A. 2020 Supp. 22-3608(c). But, procedurally, an appeal from the denial of a motion to correct an illegal sentence is treated as a motion under K.S.A. 2020 Supp. 60-1507 if it is filed more than 14 days after sentencing. Thus, the notice of appeal must be filed within 30 days of the journal entry denying the motion. *State v. Barnes*, 37 Kan. App. 2d 136, 138, 149 P.3d 543 (2007); see K.S.A. 2020 Supp. 60-2103(a); *State v. Ewing*, No. 121,322, 2021 WL 936033, at *3 (Kan. App. 2021) (unpublished opinion). Andersen's notice of appeal, filed 20 days after the trial court's decision, was within the 30-day time limit for his appeal.

It is readily apparent that Andersen's original argument to the trial court is an argument for correcting an illegal sentence. He argues that the State charged him with kidnapping, not aggravated kidnapping. He equates his case with *State v. Pencek*, 224 Kan. 725, 585 P.2d 1052 (1978), where the trial court instructed the jury only on the elements of kidnapping, not aggravated kidnapping. The *Pencek* court held that the trial court erred by sentencing Pencek for aggravated kidnapping: "The conviction was proper but sentencing for aggravated kidnapping was beyond the authority of the trial court and

4

the sentence is set aside." 224 Kan. at 731. Thus, the *Pencek* court remanded for the trial court to resentence Pencek for the crime of kidnapping.

Andersen's original motion does not attack his conviction. In fact, he seems to concede that he was properly charged and convicted, but of kidnapping and not aggravated kidnapping. "The proper remedy in this case is to enter a sentence for simple kidnapping. See *Pencek* . . . ." Andersen made no mention of ineffective assistance of counsel at all.

Only on appeal does Andersen raise the issue, asserting that the trial court should have construed the motion as a claim for ineffective assistance of counsel. First, the trial court's reading of Andersen's motion was correct because the pleading's content clearly establishes a claim of illegal sentence rather than a collateral attack on his conviction. See *Ditges*, 306 Kan. at 457-58. Second, it would take more than a liberal construction for the trial court to view Andersen's claim as one for ineffective assistance of counsel. The trial court would be virtually rewriting Andersen's motion rather than interpreting it. Third, even on appeal, Andersen does not articulate how his counsel was ineffective or how his claim relates to counsel's performance. Issues not adequately briefed are deemed waived or abandoned. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021). The trial court here properly construed Andersen's motion as a motion to correct an illegal sentence.

The trial court also did not err in denying the motion. Andersen contends that the State charged him with intending to hold Brent Rump and intending to inflict bodily harm on Brent Rump. But K.S.A. 2014 Supp. 21-5408(b) requires that "bodily harm is inflicted upon the person kidnapped." Thus, Andersen claims that the State failed to charge an element of aggravated kidnapping by alleging that he only *intended* to inflict bodily harm, not that he *did* inflict bodily harm.

But Andersen's claim is based on him simply misreading the State's second amended complaint. The complaint charged Andersen as follows:

"That on or about the 14th day of May, 2015, in Reno County, Kansas, DAKOTA R. ANDERSEN, then and there being present did unlawfully and feloniously take or confine a person, to wit:  Brent A. Rump, accomplished by force, threat or deception and with the intent to hold said person to facilitate flight or the commission of any crime, and with bodily harm being inflicted on Brent A. Rump."

Despite Andersen's assertion, this language does allege that bodily harm was inflicted on Brent Rump. One element in the complaint is that Andersen had an intent to hold. Another element, phrased as "with bodily harm being inflicted," alleges that bodily harm was inflicted. This phrasing does not suffer from the defect in parallelism in *State v. Smith*, 245 Kan. 381, 395-96, 781 P.2d 666 (1989).

Andersen cites *Smith* for his argument that the State omitted the element of inflicting bodily harm because the word "did" was not in the complaint. But the use of that word was unique to *Smith*. In *Smith*, the State charged the defendant as follows:

"'That on or about the 20th day of August, 1982, the said Nathaniel J. 'Yorkie' Smith, within the above and within named County and State, then and there being, did then and there unlawfully, feloniously and willfully take another, to-wit:  Steven Mangus, by force, *with the intent to hold* the said Steven Mangus to facilitate the commission of a crime or crimes, to-wit:  aggravated sodomy, aggravated battery, murder, or aggravated robbery, and/or *with the intent to inflict* bodily injury to Steven Mangus or to terrorize him, *and to inflict bodily harm* on the said Steven Mangus, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Kansas.'" (Emphases added.) 245 Kan. at 395.

That is, the indictment repeated a construction of "intent to" consistently. The State paired "intent" with an infinitive verb twice ("intent to hold . . . intent to inflict").

6

The third time, the State did not include the word "intent," but used the infinitive "to inflict" so that the structure remained parallel. Under the grammatical construction called parallelism, in a phrase written as "the intent to hold and to inflict bodily injury and to inflict bodily harm," the noun of "intent" would attach to the infinitive verbs "to hold," "to inflict (bodily injury)," and "to inflict (bodily harm)." Thus, the *Smith* court held that the indictment charged Smith with intending to inflict harm rather than actually inflicting harm. 245 Kan. at 396.

The State's unsuccessful argument in *Smith* was that "and to inflict bodily harm" should have read "and did inflict bodily harm," with the incorrect wording caused by clerical error. Thus, without the error, the indictment would have charged Smith with "intent to hold," "intent to inflict bodily injury," and "did inflict bodily harm." Using the word "did" would break the parallel structure and would specify that bodily harm was actually inflicted rather than merely intended.

But Andersen mistakenly fixates on the word "did" in *Smith*. "Did" is not necessary to fix the error. "Did" is a helping verb used to construct the negative, questions in the simple past, and for emphasis. The State could have fixed the grammatical error by alleging that Smith had "the intent to inflict bodily injury . . . and *inflicted* bodily harm . . . . " Placing the verb in the simple past would be enough to allege that bodily harm occurred. The helping verb "did" was not necessary.

Here, the State properly charged Andersen when it included the phrase "with bodily harm being inflicted." There is no single word, helping verb, or grammatical structure required, as long as the charging document properly alleges that bodily harm actually happened. The phrasing chosen by the State alleges bodily harm (or the phrasing does allege bodily harm, to use a form of "do" for emphasis). The second amended complaint properly alleged all the elements of aggravated kidnapping.

7

Incidentally, Andersen does not directly argue that the jury was improperly instructed. But his citation to *Pencek* implies that because the complaint was defective, the jury instructions were also defective. The trial court instructed the jury as follows:

> "In Count Four Dakota Anders[e]n is charged with the crime of aggravated kidnapping. He pleads not guilty.
> "To establish this charge, each of the following claims must be proved:
> "1. That Dakota Anders[e]n took or confined Brent Rump by force or threat;
> "2. Dakota Anders[e]n did so with the intent to hold Brent Rump to facilitate the commission of a crime, to-wit: aggravated robbery, or to inflict bodily injury or to terrorize Brent Rump;
> "3. *bodily harm was inflicted upon Brent Rump*; and
> "4. This act occurred on or about the 14th day of May, 2015, in Reno County, Kansas." (Emphasis added.)

The State properly charged Andersen with aggravated kidnapping. The trial court properly instructed the jury on aggravated kidnapping. The jury convicted Andersen of aggravated kidnapping. The trial court did not impose an illegal sentence when it sentenced Andersen for aggravated kidnapping. And the trial court properly denied Andersen's motion to correct an illegal sentence.

For the preceding reasons, we affirm.

Affirmed.